# DISTRICT OF COLUMBIA v. WESTON.

MUNICIPAL REGULATIONS; GASOLINE, STORAGE OF; DELEGATION OF LEGISLATIVE POWERS.

1. The commissioners of the District of Columbia had the power under the authority of the act of Congress of January 26, 1887, to make and enforce a regulation requiring a license for the storage of gasoline in the city of Washington.

2. That portion of § 3 of the regulations promulgated by the commissioners of the District of Columbia under the authority of the act of Congress of January 26, 1887, requiring every person storing gasoline in the city of Washington to take out a license, which requires every such application to be referred to the inspector of buildings and the chief engineer of the fire department for examination of the building described in the application, who shall transmit the application with their recommendation to the assessor of the District, who

shall, if such officials so recommend, issue a license unless otherwise ordered by the commissioners, is not void as an unauthorized delegation of the power conferred upon the commissioners; it not being a delegation of their authority to commit to the expert agents named a duty to ascertain and report information important to the exercise of their power to issue the license, the propriety of which issue must depend upon the character and surrounding of the building occupied. The word "recommendation" in the regulation is used in the sense of report. (Distinguishing *United States ex rel. Kerr* v. *Ross*, 5 App. D. C. 241.)

No. 1381.   Submitted March 3, 1904.   Decided April 5, 1904.

In ERROR to the Police Court of the District of Columbia.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall,* Corporation Counsel, *Mr. E. H. Thomas* and *Mr. F. H. Stephens,* Assistants, for the District of Columbia, plaintiff in error.

*Mr. W. S. Duvall,* for the defendant in error:

1. This case comes squarely within the purview of the case of *Kerr* v. *Ross,* 5 App. D. C. 241, in which it was decided "that the commissioners of the District could not delegate to an examining board the power to pass upon the qualifications of applicants for plumbers' license." The inspector of buildings and the chief of the fire department have not merely a ministerial duty to perform. If such is the case, then the question very properly arises what is that ministerial duty? Counsel for the plaintiff in error says it is to "inspect, and nothing more." This is not a fact, for the section in question says they shall "inspect" and also "recommend." Now if they are required to recommend, upon what is such recommendation to be based, in the absence of any guide for them to follow? The question answers itself,—upon their discretion. They are not required to find facts and circumstances and report to the com-

missioners, but merely to *inspect and recommend* for or against a license, and if the recommendation is adverse there is absolutely no redress provided.    See also *Curry* v. *District of Columbia,* 14 App. D. C. 441; *Cotting* v. *Stockyards Co.* 183 U. S. 79; *Baltimore* v. *Radecke,* 49 Md. 217; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Henderson* v. *New York,* 92 U. S. 259; *Chy Lung* v. *Freeman,* 92 U. S. 275; *Ex parte Virginia,* 100 U. S. 339; *Neal* v. *Delaware,* 103 U. S. 370; and *Soon Hing* v. *Crowley,* 113 U. S. 703.

Mr. Justice SHEPARD delivered the opinion of the Court:

This case is before us on a writ of error to the police court to review its judgment quashing an information against Frederick de B. Weston for storing gasoline in the city of Washington without first having obtained a license therefor.

There can be no doubt of the power of the District commissioners to make and enforce a regulation requiring a license for such storage under the authority conferred upon them by Congress in the act approved January 26, 1887.

The regulations promulgated under that authority consist of a number of sections, none of which relate to the matter involved herein, except the third section, which reads as follows:

"Sec. 3.  No person shall store or keep for sale in the District of Columbia any inflammable oil or fluid composed wholly or in part of petroleum or any of its products, or any other highly inflammable fluid, without an annual license therefor as provided in this article.    Every person desiring such license shall make application therefor in writing to the commissioners of the District of Columbia, stating the place, building, or part of building in which the applicant desires to store or keep such articles or any of them; and the said application shall be referred to the inspector of buildings and the chief engineer of the fire department, who shall examine the place or building described in the application and transmit the said application, with their recommendation in the case in writing thereon, to the assessor of said District, who shall, if said officials so recom-

mend, issue the license unless otherwise ordered by the com-
missioners."

The contention urged in the support of the judgment is that
this section is void because of its unauthorized delegation of a
power conferred upon the commissioners.

We are of the opinion that it is not a delegation of their
authority to commit to the expert agents named the duty of
ascertaining and reporting information important to the exer-
cise of their power to issue a license, the propriety of which
issue must depend upon the character and other uses of the
building occupied, and upon surrounding conditions also.    The
word "recommendation" in the regulation is evidently used in
the sense of report.    Applicants for license have no cause to
complain that another agent is directed to issue the license if
the former agents, upon inquiry into and report upon the neces-
sary conditions, so recommend, and the commissioners do not
order otherwise.    The regulation is different from that passed
upon in the case of *United States ex rel. Kerr* v. *Ross,* 5 App.
D. C. 241, upon which the defendant in error relies, in that
there was a complete delegation to an examining board of dis-
cretionary powers that had been conferred upon the commis-
sioners.    They accepted the judgment of the board as final and
conclusive and refused to inquire into the facts upon which it
had acted upon the demand of one whose application for a
license had been denied.    The court upheld his right to have
his application considered by the commissioners and awarded
a writ of mandamus compelling them to entertain the same.    In
that case it was said:    "It is not to be denied that in the execu-
tion of the powers conferred upon the commissioners generally
they may appoint executive agents, charged with the perform-
ance of ministerial duties under their general supervision and
control, where there has been no express authorization thereof."

The police court having erred in quashing the information
its judgment must be reversed with costs.    It is so ordered.

*Reversed.*